IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID DEJUAN WISE,                    )
                                      )
            Petitioner,               )
                                      )
    v.                                )        Civil Action No. 2:13cv636-MHT
                                      )                   (WO)
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This action is before the court on a pleading styled as a "Motion to Modify Imposed Term of Imprisonment Pursuant [to] 18 U. S. C. § 3582(c)(2)," filed by federal inmate David DeJuan Wise ("Wise") on August 19, 2013.  Doc. No. 2.  Wise challenges the sentence of 240 months' imprisonment imposed by this court in July 2005 upon Wise's conviction for conspiracy to distribute and possess with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1), aiding and abetting the possession with the intent to distribute cocaine hydrochloride, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), and possession of cocaine base in violation of 21 U.S.C. § 844(a).  For the reasons now discussed, the court concludes that Wise is not entitled to any relief and that his motion should be summarily dismissed.

## I.   DISCUSSION

Wise maintains he is entitled to resentencing based on the Supreme Court's recent

holding in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).  Doc. No. 2.  In *Alleyne*, the Court held that the enhancers described in § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt.  *Id*.  Wise appears to suggest that because his sentence was enhanced based on prior convictions – he was sentenced as a career offender based on his two prior felony drug convictions – *Alleyne* requires that the prior convictions be alleged in the indictment and proved beyond a reasonable doubt.  Doc. No. 2.  Because in his case the prior convictions were not alleged in the indictment and were based on judicial factfinding at sentencing, Wise says *Alleyne* entitles him to a reduced sentence.  *Id*.

First, Wise's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224 (1998).  In *Almendarez–Torres*, the Supreme Court held that, for sentencing enhancement purposes, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proven beyond a reasonable doubt.  523 U.S. 224, 226-27, 239-40.  Notably, *Alleyne* did not overrule *Almendarez–Torres*.  *See Alleyne*, 133 S.Ct. at 2160 n.1 (noting that "[i]n *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction.  Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").  *Alleyne* is also inapplicable to Wise's case because Wise's prior convictions were used to enhance his guidelines sentence and did not

2

trigger a higher *statutory* minimum sentence.

Most significantly, however, Wise's instant motion constitutes a successive motion for relief under 28 U.S.C. § 2255.  Wise purports to seek relief pursuant to 18 U. S. C. § 3582(c)(2).  That statute authorizes a district court to reduce a sentence following the lowering of a sentencing range by the United States Sentencing Commission.  Presumably, Wise cites the statute in the belief that the holding of *Alleyne* constitutes a lowering of the sentencing range such as to allow the district court to determine whether a reduction of his sentence (imposed pre-*Alleyne*) is warranted under § 3582(c)(2).  Manifestly, however, *Alleyne* is a Supreme Court decision, *not* a retroactively applicable guideline amendment *by the Sentencing Commission*.[1]  Therefore, *Alleyne* is inapplicable to motions under § 3582(c)(2).  *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (Supreme Court holding in *United States v. Booker*, 543 U.S. 220 (2005), not applicable to § 3582(c)(2) motions, as it did not involve an amendment by the Sentencing Commission).

The claims asserted by Wise in his motion attack the legality of his sentence.  The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979).  The remedy afforded by § 2255

---

[1] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U .S. 466 (2000).  The Supreme Court has decided that other rules based on *Apprendi* do not apply retroactively on collateral review.  *See Schriro v. Summerlin*, 542 U.S. 348 (2004).  This implies that the Court will not declare *Alleyne* to be retroactive.

is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . ." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Antiterrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Wise seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. Thus, this court construes his present pleading as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This is the second § 2255 motion filed by Wise attacking his 2005 sentence. This court denied his initial § 2255 motion, filed on January 2, 2008, deciding all claims adversely to Wise. *See* Civil Action No. 2:08cv17-MHT - Doc. No. 26 - Dec. 11, 2009, Recommendation of the Magistrate Judge (adopted as Judgment of the court

by final order of Feb. 19, 2010, Doc. Nos. 32 and 33).

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

The pleadings and documents in this case reflect that Wise has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Wise's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Wise on August 19, 2013 (Doc. No. 2), be dismissed, as Wise has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to

consider a successive § 2255 motion.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 25, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE